IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO LóPEZ-CARVER<br><br>Plaintiff,<br><br>v.<br><br>TRIPLE-S SALUD, INC.; WAGEWORKS, INC.; and UBS FINANCIAL SERVICES, INC.'S GROUP HEALTH PLAN<br><br>Defendants. | CIVIL NO.: 24-1594 |

## **COMPLAINT**

**TO THE HONORABLE COURT:**

Comes now the above-named Plaintiff by and through his undersigned counsel and respectfully states, alleges and prays as follows:

### I.   NATURE OF THE ACTION

1.1  This is a civil enforcement action brought pursuant to Article 502(a)(1)(B) of the Employment Retirement Income Security Act ("ERISA"), 29 USC §1132(a)(1)(B), to recover benefits due to Plaintiff under the terms of an employer sponsored group health plan.

### II.   JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction based upon federal question pursuant to 28 USC§1132(e)(1).

2.2    Venue lies properly in this district pursuant to ERISA §502(e)(2), 29 USC §1132(e)(2), insofar as it is in this judicial district where most of the facts that give rise to this action occurred.

- 1 -

### III.   PARTIES TO THIS ACTION

3.1   Plaintiff Antonio López-Carver, is, at all pertinent times hereto, a participant and beneficiary of the employer sponsored group health plan that is the subject of this action.

3.2   Defendant Triple-S Salud, Inc. ("Triple-S") is an insurance company headquartered in 1441 Avenida Franklin D. Roosevelt, San Juan, PR, that, at all pertinent times hereto, served as the insurer of the employer sponsored group health plan that is the subject of this action. As such, Triple-S has the duty to process and pay the invoices submitted by healthcare professionals for the medical services provided to beneficiaries like Plaintiff that are covered under the terms of the Health Plan.

3.3   Defendant WageWorks, Inc. ("WW") is a corporation with several locations throughout the United States, including offices at 4609 Regent Blvd., Ste. 100, Irving, TX, that, at all pertinent times hereto, provided continuation coverage administration services for the employer sponsored group health plan that is the subject of this action.

3.4   Defendant UBS Financial Services, Inc.'s Group Health Plan ("the Health Plan") is the employer sponsored group health plan that is the subject of this action and that is named as a nominal defendant. The Health Plan is an entity that may be sued pursuant to 29 U.S.C. § 1132(d)(1).

### IV.   THE FACTS

4.1   Plaintiff was born with a congenital disorder known as Crouzon syndrome, which is characterized by the abnormal fusion of the seams of the skull, preventing the skull from growing normally and affecting the shape of the skull and the face, with the

concomitant plethora of secondary afflictions such as underdeveloped lower jaw and mouth, complex dental problems and airway obstructions.

4.2    Upon birth on August 6, 1998, Plaintiff became a beneficiary of the Health Plan as a covered dependent of his father, who was a Health Plan participant.

4.3    Starting at a very early age through the present, Plaintiff has received extensive and specialized medical care at the Children's Hospital of Philadelphia ("CHOP"), which has a comprehensive and multidisciplinary Craniofacial Program focused on Crouzon syndrome patients.

4.4    Until recently, the Health Plan covered the cost of the treatment provided to Plaintiff at CHOP.

4.5    On August 6, 2024, Plaintiff celebrated his twenty sixth birthday, at which time he lost his dependent eligibility status in the Health Plan effective on August 31, 2024.

4.6    Plaintiff was informed of the foregoing through a COBRA Election Notice dated August 12, 2024 that was issued by WW, which, among other matters, notified Plaintiff of his right to opt for continued coverage under the Health Plan, the cost of said continued coverage should Plaintiff decide to maintain the benefits granted by the Health Plan and the steps that Plaintiff would have to take should he select that option.

4.7    Shortly thereafter, Plaintiff decided to exercise his right for continued coverage under the Health Plan and filled-out and submitted the COBRA Election Form on-line through WW's website.

4.8    When Plaintiff finished his on-line registration, he received written confirmation from WW to the effect that he had successfully completed the process and

that he had been re-enrolled in the Health Plan in exchange for a monthly premium of $807.79, which would be payable starting on the month of September 2024.

4.9   Subsequently, Plaintiff chose to make the monthly premium payments through electronic fund transfers directly from a bank account, which was one of the payment options that were listed in the August 12, 2024 Notice.

4.10   Pursuant to the authorization that Plaintiff provided when he enrolled in WW's direct payment platform, WW received monthly ACH payments for $807.79 each during the months of September, October, November, and December 2024 in payment for the premium of Plaintiff's continued coverage in the Health Plan.

4.11   On December 10, 2024, Plaintiff attended a follow-up visit at CHOP as part of his on-going treatment, at which time he was informed that Triple-S had not yet activated Plaintiff's coverage under the Health Plan. Hence, Plaintiff was forced to pay the $225.00 that he was charged for that visit using his Visa credit card.

4.12   Upon returning to Puerto Rico, Plaintiff confirmed that Triple-S has not re-established Plaintiff as a covered beneficiary in the Health Plan although all the monthly premiums have been paid timely.

4.13   Plaintiff is currently undergoing the final stages of oral reconstruction treatment at CHOP and is scheduled to return to CHOP on January 14, 2025 for a tooth implant surgical procedure, which CHOP has classified as uninsured due to Plaintiff's inactive status with Triple-S.

4.14   The oral reconstruction treatment is necessary to finally correct the complex dental deficiencies that Plaintiff's Crouzon syndrome has caused and that has required several surgical procedures like the one that he has scheduled for January 14, 2025.

4.15    Plaintiff requested from CHOP an estimate of the cost of that surgical procedure to ascertain whether he will have the financial means to defray it in the absence of re-establishment of coverage by Triple-S.

4.16    While Plaintiff awaits to receive the requested estimate, he is deeply concerned that he will not be able to pay for it, for which reason he will have to postpone the much-needed treatment for his Crouzon syndrome.

4.17    The foregoing chronology of events shows that Plaintiff has been unexplainably and illegally deprived of the health benefits to which he is entitled as a beneficiary of the Health Plan and that said deprivation exposes Plaintiff to suffer an irreparable injury to his health and wellbeing should his medical treatment be postponed or delayed for failure and/or inability to defray its cost.

## V.    CLAIM FOR RELIEF

5.1    Plaintiff realleges as if fully set forth herein paragraphs 1.1 to 4.17, both inclusive.

5.2    Triple-S and WW, as the insurer and administrator of the Health Plan, respectively, acted in a fiduciary capacity pursuant to ERISA.

5.3    Through their respective actions and omissions, as previously described, they both have breached their fiduciary duties towards Plaintiff by failing to provide him with the continued health benefits in the Health Plan that he elected and paid for.

5.4    Plaintiff is entitled to receive the benefits due to him under the Health Plan.

## VI.    PRAYER

**WHEREFORE**, Plaintiff respectfully requests the Honorable Court to enter judgment in his favor:

a. granting Plaintiff the recovery of the continued health benefits due to him under the Health Plan;

b. ordering Triple-S and WW to provide and honor said benefits;

c. condemning Triple-S and WW to reimburse Plaintiff the monies paid by him to defray the costs of the treatment that should have been covered under the Health Plan; and

d. taxing Triple-S and WW with prejudgment interest, costs, and attorney's fees.

Respectfully submitted, in San Juan, Puerto Rico, on December 27, 2024.

*S/Guillermo Ramos Luiña*
GUILLERMO RAMOS LUIÑA
USDC-PR NO. 204007
gramlui@yahoo.com

Despacho Jurídico Ramos Luiña, LLC
P. O. Box 22763, UPR Station
San Juan, PR 00931-2763
Tel. 787-620-0527
Fax 787-620-0039